ANA SÁNCHEZ, Plaintiff and Appellee, *v.* RAMÓN GONZÁLEZ, Defendant and Appellant.

No. 7888. Argued March 10, 1939.—Decided July 19, 1939.

*Francisco González Fagundo* for appellant. *R. A. Arroyo Ríos* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

By a judgment of the District Court of Humacao, Ramón González, divorced from Ana Sánchez, was required to pay to Ana Sánchez for the maintenance of Ramón González Sánchez, legitimate son of the parties to this cause, the sum of $7.00 a week.

The complaint set up the divorce on the 2d of October of 1936, wherein the plaintiff was the innocent spouse "in whose care the child was left." In the third paragraph of the complaint the plaintiff alleged that the defendant had given nothing to her, neither for herself nor for her child, nor for food, clothing, rent, doctor or medicine. The fifth paragraph set up that her economic situation did not permit her to provide for all the necessities of the child and she thought that $15.00 a week would be an appropriate amount to cover the expenses and she prayed for costs and attorney's fees.

The answer expressed that up to a few days before the bringing of the suit he had provided for the maintenance of his son in the house of the defendant and that he was disposed to continue to do so if the child came to receive such maintenance in the domicile of the defendant. In another paragraph of the answer the defendant again said that he was disposed to support his child and then as a final statement in the answer he requested the court to render judgment dismissing the complaint in so far as it

asked for alimony for the plaintiff and that the complaint be held good in so far as the son was concerned if the maintenance were to be dispensed at the house of the defendant.

The defendant filed a motion for reconsideration. While this was pending, proceedings in contempt were begun against the defendant. The motion for reconsideration was fully considered by the court and it modified its original judgment granting $3.50 a week and dismissed or abandoned the proceedings for contempt. The defendant appealed from the final judgment.

■ The insufficiency of the complaint was not presented in the court below but the first assignment of error is that it fails to state a cause of action. Looking at this complaint it is evident that formally the suit was not properly brought. Ana Sánchez should have brought possibly a separate suit for the maintenance of her son. The appellant cites various cases of this Court wherein we have held that a suit should be brought in the name or representation of the party really interested. We shall not discuss this because there was enough in the complaint to show that the plaintiff was bringing the suit very largely for the support of her child and the omission to say that she represented him may be considered unimportant under the other circumstances of this case. They are that the defendant himself, in his answer, among other things, prayed or suggested that the complaint should be dismissed against him so far as the wife was concerned but held good with respect to the claim of the son with certain limitations.

In the proceedings it became evident that the plaintiff abandoned her personal claim and this was very proper because the evidence disclosed that after the divorce suit a deed was given the plaintiff wherein certain properties were assigned to her, and there is no serious question that either there was an agreement to this effect or that the court in the previous suit determined the amount of alimony. By the consent of the parties, if not otherwise, the essential issue

in this case was the maintenance that the father should provide for his child. This covers the first assignment of error.

■ As the second assignment the defendant alleged that the court erred in holding the complaint good as the judgment was not in accord with Sections 143, 152, and 153 of the Civil Code (1930 ed.). As we conceive it the essential argument is that the *patria potestas* was taken away from the father and given to the mother in the real divorce suit. The particular Sections of the law applicable are as follows:

"Section 143.—The following are obliged to support each other, within the full meaning of the preceding section:

"1. Husband and wife.

"2. Legitimate ascendants and descendants.

"3. Parents and legitimatized children and the descendants of the latter.

"4. Parents and illegitimate children, and the legitimate descendants of the latter.

"*       *       *       *       *       *       *

"Section 152.—The *patria potestas* over the legitimate children not emancipated belongs in the first place to the father, and in case of h's absence, legal incapacity of death, to the mother.

"Illegitimate ch'ldren and adopted minors shall be under the *potestas* of the father or mother acknowledging or adopting them. Where they have been acknowledged or adopted by both parents, the provision of paragraph one of this section shall be applicable.

"Section 153.—The father and the mother have, with respect to their ch'ldren not emancipated:

"1. The duty of supporting them, keeping them in their company, educating and instructing them in accordance with their means, and representing them in the exercise of all actions which may redound to the benefit of such children.

"2. The power to correct and punish them moderately."

The first paragraph of Section 107 of the Civil Code (1930 ed.), as amended by Act No. 44 of 1935, page 250, provides:

"In all cases of d'vorce, the minor children shall be placed under the 'patria potestas' of the party who has obtained the decree; but the other spouse shall have the right to continue family relations with his or her children, in such manner and extension as the court may determine when rendering judgment, as the case may be."

Under this, in a case like the present where the father loses the *patria potestas,* he still is always obliged to support his legitimate child. The appellant really does not controvert this legal relation or nexus. What he attempts to set up is that the mother has acquired the preferential right to the *patria potestas* over the child and the responsibility of a father is secondary.

Taking the appellant, however, at his word, it would appear that the child lived with his mother and received other care and education from her. The complaint set forth that she did not have enough to support the child by herself and this the court may be held to have determined in fixing the amount of $3.50 a week. There was even a suggestion in the record that the mother was a rich woman, although we are unable to determine whether this meant that she had property independently of the amount received as a consequence of the dissolution of the marriage.

We think the parties practically arrived at the equitable conclusion by their actions in the court below. We find no reason for varying the judgment of the district court with respect to the duty of the father to give the mother for the use of the child $3.50 a week.

■ The third assignment attacked the pronouncement of the judgment mulcting the defendant in the payment of costs, including $50 for attorney's fees. This was a case where the defendant was subjected to a suit by the mother on her own behalf and then the claim abandoned. In the case of the child a judgment was originally rendered for $7.00 a week and on reconsideration reduced to $3.50. During the progress of the suit a proceeding for contempt was begun against the defendant. The defendant on the whole showed himself to be a person of responsibility and merely doing what so frequently happens, that is, attempting to get a larger control of his child. We think the plaintiff in representation of her child, may be entitled to the costs of the proceeding but not to attorney's fees.

The judgment should be modified so as to exclude attorney's fees and as modified, affirmed.

Mr. Justice Travieso took no part in the decision of this case.